IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

VIOLA BURCHFIELD
Plaintiff

vs.                                            CIVIL ACTION _____
                                               JURY REQUESTED

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE
Defendant

## PLAINTIFF'S COMPLAINT

NOW COMES VIOLA BURCHFIELD, Plaintiff, and files this, her Original Complaint complaining of Texas Department of Criminal Justice, Defendant, and in support thereof respectfully show this Court as follows:

### NATURE OF THE CLAIM

1. Plaintiff brings this employment discrimination action pursuant to 42 U.S.C. Section 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.S. Section 2000e, et. seq. ("Title VII"), which in relevant parts prohibit discrimination in the workplace based upon an employee's sex.  The plaintiff is a female employee who is the victim of gender discriminatory employment policies and practices.

2.  This action is also brought  pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq., commonly referred to as the ADEA, which prohibits in relevant part employment discrimination based on age.

3. The plaintiff is an qualified employee who has been denied her employment including her wages and benefits due her because  of the disparate impact and treatment caused by Defendant's gender and age discriminatory  practices and because of the gender of plaintiff, female, and age

of Plaintiff, over forty (40).

4. Plaintiff brings this cause of action to vindicate her rights guaranteed by Section 1981 and Title VII.  Plaintiff seeks the full measure of available relief, including declaratory, equitable, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

## II. JURISDICTION AND VENUE

5. The jurisdiction of the Court is invoked by plaintiff pursuant to 28 U.S.C.  Sections 1343(3) and 1343(4), which confers original jurisdiction upon this court in a civil action to recover damages or to secure equitable relief (i)  under any Act of Congress providing for the protection of civil rights; (ii)  under 42 U.S.C. Section 1981; (iii) under 42 U.S.C. Sections 2000e, et. seq.; and (iv) under 42 U.S.C. Sections 2002, et. seq.    Jurisdiction over Plaintiff 's ADEA claim is conferred on this Court by 29 U.S.C. §626(c) which  provides that any person aggrieved may bring a civil action in any court of competent  jurisdiction for such equitable relief as will effectuate the purpose of this chapter. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in  whole or in part, in the Eastern District of Texas.

## III. PARTIES

7. Plaintiff VIOLA BURCHFIELD  is an adult citizen who resides in the Eastern District of Texas.  She was an employee of the defendant located  in Anderson County, Texas.

8.  Defendant Texas Department of Criminal Justice is a state governmental entity with over 500 employees.  Defendants TDCJ may be served by serving Brad Livingston, Executive Director of the Texas Department of Criminal Justice, 209 West 14th Street, 5th Floor, Price Daniel

Building, Austin, Texas 78701.

## IV. PROCEDURAL REQUIREMENTS

9. Paragraphs 1-8 above are incorporated herein by reference.

10. Plaintiff has filed timely complaints with the Equal Employment Opportunity Commission ("EEOC"). On or about March 25, 2013, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of those Plaintiffs' claims.   Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

## V. STATEMENT OF THE CLAIM

11. Paragraphs 1-10 above are incorporated herein by reference.

12. Plaintiff is a female employee, age 72, who had been employed by the Defendant for nearly nineteen (19) years.

13. During the course of her employment with Defendant, Plaintiff received good to excellent evaluations.

14. Plaintiff's job duties were not very active and (a) included paperwork at her desk, (b) calling the dorms and have said dorm send offenders to the visitation area, and (c) observing the visits to insure there was no bad behavior.

15. Plaintiff has been performing said job for several years.

16. On or about February of 2012, Plaintiff was required to perform a physical agility test, which consisted of climbing a ladder, running around the gym in under 2 ½ minutes, and situps.

17. Plaintiff passed part of the tests, but not all of the physical tests.

18.  These physical tests had not been previously required of Plaintiff and other employees.

19. As a result of Plaintiff not passing all the physical agility tests, Plaintiff was terminated.

20. The physical agility test administered by the Defendant was not job related, nor consistent

with business necessity.

## GENDER DISCRIMINATION CLAIM

21. Paragraphs 1-20 above are incorporated herein by reference.

22. At all relevant times, Plaintiff was an employee under the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*

23. At all relevant times, Defendant was an employer under the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*

24. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as a female by *inter alia*:

a. Failing to equalize conditions of employment for Plaintiff as compared with Plaintiff's male co- workers;

b. Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment designed to discriminate against Plaintiff because of her gender; and

c. Subjecting Plaintiff to gender discrimination.

## AGE DISCRIMINATION CLAIM

25. Paragraphs 1-24 above are incorporated herein by reference**.**

26. At all relevant times, Plaintiff was an employee under the meaning of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*

27. At all relevant times, Defendant was an employer under the meaning of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*

28. Plaintiff was terminated when younger individuals were allowed to remain in like positions or otherwise discriminated because of her age.

29. Plaintiff was intentionally discriminated against because of her age with respect to the terms of compensation, terms, conditions, and/or privileges of employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*

## DAMAGES

30. Paragraphs 1-30 above are incorporated herein by reference

31. Plaintiff would show the court that she has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

32. Plaintiff would further show the court that she is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

33. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

## ATTORNEY FEES

34. It was necessary for the plaintiff to retain the undersigned attorney to represent her in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover from the Texas Department of Criminal Justice, the following:

1. Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and additional amount as liquidated damages;

2. Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

3. Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff; and

4. Requiring that Defendant pay to Plaintiff her attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

5. Liquidated damages authorized by the applicable statutes; and,

6. Such other and further relief as the Court deems just.

Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiff